**E-FILED**
Wednesday, 11 October, 2006  03:46:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED

OCT 10 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | | |
|---|---|---|
| LARRY GORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-2172 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Motion to Vacate, Set Aside or |
| | ) | Correct a Sentence Pursuant to |
| Respondent. | ) | 28 U.S.C. § 2255 |

### PETITIONER'S PRO SE AMENDED PLEADING PURSUANT TO FED.R.CIV.P. 15(a) AND MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION FOR HABEAS CORPUS RELIEF PURSUANT TO 28 U.S.C. § 2255

COMES NOW, LARRY GORE, pro se Petitioner in the above styled action, and respectfully submits this Amended Pleading pursuant to Fed.R.Civ.P. 15(a), and respectfully requests this Court to construe this Amended Pleading as a Memorandum in Support of his previous Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. In support of this request for relief, Petitioner submits the following:

### A.  Petitioner May Amend the Pleadings

On September 7, 2006, Petitioner submitted to this Court a Motion under § 2255 which sought relief on a conviction in this Court on Case No. 03-20105-001. In this case, Petitioner pleaded guilty to a one-count indictment for possessing with intent to distribute more than 50 grams of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The § 2255 Pleading was a bare bones request for relief on a Court provided form, and it clearly listed two claims for relief, but did not go into specifics of the claims. Petitioner's Motion was timely made pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1995.

Petitioner now seeks to file this Amended Pleading with this Court

pursuant to Fed.R.Civ.P. 15(a), which controls this habeas corpus action.  Petitioner has, as a matter of right, the ability to amend his pleadings at any time before a responsive pleading from the Respondent has been filed.  No responsive pleading has been filed to date, and as such, Petitioner's Amended Pleading is properly before the Court.

Furthermore, this Amended Pleading will conform with Fed.R.Civ.P. 15(c) by relating back to all claims for relief made in the original pleadings in this action.

Finally, Petitioner requests that this Court grant Respondent an additional 30 days from the date of the filing of this Amended Pleading in which to file a responsive pleading.  On September 11, 2006, this Court granted Respondent until October 11, 2006 to file its response (Doc. 21, 24).  Petitioner does not wish for Respondent to be prejudiced by a abbreviated schedule for answering the claims found herein.

## B.  Petitioner Waives Ground Three

Petitioner respectfully notices this Court that he wishes to waive his claim to Ground Three in the original pleading.  Petitioner is certain that his Counsel was ineffective in this regard, and yet Petitioner feels that he will face insurmountable odds in proving this assertion.  Furthermore, Petitioner is concerned that pressing this issue will create the threat of significant jeopardy in light of **United States v. Cannon**, 429 F.3d 1158 (7th Cir. 2005).  Petitioner is concerned that AUSA Timothy Bass would take all motions for downward departure off of the table should Petitioner prevail in this claim, and vituperatively submit Petitioner for a mandatory sentence of life imprisonment.  As such, Petitioner waives this claim.

2

### C. Counsel was Ineffective in Waiving All Collateral Attack of this Sentence

Petitioner claimed in "GROUND ONE" of his original pleading that Counsel was constitutionally ineffective for having Petitioner waive all post-conviction motions for relief in his plea agreement. To prevail in this claim, Petitioner must satisfy the test as described in **Strickland v. Washington**, 466 U.S. 668 (1984). The test, simply put, has two prongs. First, Petitioner must show that counsel's performance was deficient. Second, Petitioner must show that, but for this deficiency, it is reasonably likely that a different result would have occurred.

Petitioner, in regards to this claim, finds himself in a strange circular argument. In short, Petitioner is effectively estopped from claiming his counsel was ineffective for having him waive all claims of ineffectiveness. Petitioner asks this Court to look at the long term effects of this sort of estoppel on the possible future of this sentence.

Petitioner's sentence was imposed under a statute which has draconian implications for those who happen to be accused of dealing with specifically "crack" cocaine, amongst a myriad of other equally debilitating forms of this drug. The 100:1 ratio for the weight of cocaine base versus cocaine hydrochloride ("powder") has led to a three to six times increase in the sentences of those sentenced under the cocaine base laws. See **United States v. Perry**, 389 F.Supp.2d 278, 289, n. 11 (D.R.I. 2005), which gives an exhaustive review of the various circuits and their treatment of the "crack" question. It is evident from the holdings of **Perry**, as well as a plethora of other sources, that "crack" mandatory sentences

3

are the subject of much debate and criticism in the judiciary, in congress, and in the public[1]. Petitioner's claim in this regard deals with the underlying question of what would happen to his sentence should their be a paradigm shift in the implications of the "crack" penalties.

Petitioner asserts that his counsel's ineffectiveness is shown by the fact that his counsel had him waive all forms of collateral attack, regardless of the unforeseen future consequences of this waiver, and with no material benefit to Petitioner. Everyone who is even ancillarily affiliated with federal criminal actions is now aware that the rules of the game can shift tectonically in an instant. See **Bousley v. United States**, 523 U.S. 614 (1998), **Blakely v. Washington**, 542 U.S. 196 (2004), and **United States v. Booker**, 543 U.S.    (2005). The rules in federal criminal actions may indeed be set in concrete, but even Hoover Dam has not yet cured entirely.

It is clear that the landscape of federal sentencing rules can drastically shift without any warning, and it is also clear that one of the areas which finds itself most under attack is the propriety of the 100:1 ratio of the "crack" statute. This is an aspect of criminal jurisprudence which has some likelihood of complete reversal. This may occur as the result of a Supreme Court ruling on the Eight Amendment's prohibition against cruel and unusual punishment, or it may develop around the quantum of proof required to establish that the drug charged as "cocaine base" is to be considered as only "crack" under the stat-

---

[1]  See, for instance, United States Sentencing Commission, <u>Report to Congress: Cocaine and Federal Sentencing Policy</u> (May 2002), available at http://www.ussc.gov/r-congress/02grack/2002crackrpt.htm; The Sentencing Project, <u>Sentencing With Discretion: Crack Cocaine Sentencing After Booker</u>, (January 2006), available at http://www.sentencingproject.org; **United States v. Williams**, 435 F.3d 1350 (11th Cir. 2006); and, **United States v. Smith**, 359 F.Supp.2d 771 (E.D.Wis. 2005).

4

ute.  Indeed, reform may occur at the congressional level, as the pen-
dulum of public opinion shifts in its natural way.  The point is that
noone is certain about the place where federal sentencing rules will
find themselves over the next decade.  Thus, the complete waiver of
any and all collateral claims against the sentence imposed in this
case is clearly proof of ineffectiveness.

While Petitioner does not have access to the transcripts of the
Rule 11 colloquy in this action, it is clear that the Court must have
been quite concerned about Petitioner's complete waiver of his rights
to habeas.  This is so for a reason.  It is simply not the norm at all,
in that it closes doors that may not even be apparent at the time of
sentencing.  Now, for instance, should the Supreme Court hold that
the mandatory minimums imposed under the 100:1 ration violate the
Eighth Amendment, and hold this ruling to be retroactive, Petitioner
will still have to quietly complete his 20-year sentence.

Petitioner is a layperson when it comes to the conduct of a fed-
eral criminal trial.  The concept of habeas corpus, collateral attack,
and the ever shifting landscape is clearly beyond the scope of his
knowledge.  Hence, the waiver of these rather enigmatic rights could
only have its genesis in the advice given by counsel, and counsel's
performance was deficient in this regard.

The Seventh Circuit has directly addressed such a claim in **Jones
v. United States**, 167 F.3d 1142, 1145 (7th Cir. 1999).  Here, the
court addressed whether a plea agreement could waive § 2255 claims of
ineffectiveness oc counsel.  The panel in **Jones** states:

> "Justice dictates that a claim of ineffective assistance of coun-
> sel in connection with the negotiation of a cooperation agreement
> cannot be barred by the agreement itself -- the very product of
> the alleged ineffectiveness.  To hold otherwise would deprive a

5

defendant of an opportunity to assert his Sixth Amendment right
to counsel where he had accepted the waiver in reliance on delin-
quent representation.  Similarly, where a waiver is not the pro-
duct of the defendant's free will...the defendant cannot be said
to have knowingly and voluntarily relinquished his rights.  It
is intuitive that in these circumstances the waiver is ineffect-
ive against a challenge based on involuntariness."
167 F.3d at 1145.

Clearly, the Seventh Circuit has upheld Petitioner's position in this
regard.  Petitioner asserts that his waiver was based upon ineffective-
ness of counsel and that the waiver was not knowingly entered by Peti-
tioner.

As Petitioner has shown that his claim is meritorious and that he
is entitled to relief on this issue, Petitioner respectfully requests
this Court to grant the following relief:  1) Order the portion of the
Plea Agreement which expressly waives collateral attack to be excised
and voided; 2) Restore Petitioner's right to collaterally attack his
sentence under the habeas corpus statutes as described in Title 28; and
3) Order that transcripts be provided at no cost to Petitioner so that
he may, in a reasonably timely fashion, amend, augment, or supplement
this § 2255 with any and all claims for relief.

**D.   Petitioner's Acceptance of
Plea Agreement was Unknowing
and Involuntary**

Finally, as stipulated in "GROUND TWO" of Petitioner's formatted
§ 2255 pleading, Petitioner asserts that his acceptance of the Plea
Agreement in this case, and specifically the waiver of collateral attack,
was completely unknowing and involuntary.  Such a claim is consonant
with the holdings of **Jones**, and as such, Petitioner is due relief as
requested above.

Petitioner asserts above that his counsel was ineffective for hav-
ing Petitioner waive all collateral attack.  Petitioner here avers that

6

his counsel advised him in private meetings that it was in his best
interest to waive all collateral attacks on her effectiveness.  Pet-
itioner further avers that he is a legal layperson, and at the time
of sentencing, he had no idea what the terms "collateral attack,"
"habeas corpus," or "2255" meant.  If the Respondent were to take a
position opposing these averments, Petitioner would traverse via
affidavit, and fully under oath, that these averments are true, cor-
rect and complete under penalty of perjury.

As such, there it is clear that Petitioner's waiver on attacking
the effectiveness of his counsel was predicated upon the very lack of
effectiveness that he now seeks to challenge.  Thus, Petitioner finds
himself under the very protections enumerated under **Jones**.  As such,
this Honorable Court should grant the relief sought by Petitioner in
this Motion.

### E.   A Final Statement Regarding Appropriate Relief

Again, Petitioner is seeking the full abrogation of the portion
of his Plea Agreement which waives collateral relief.  He does not seek
to have only that portion which waives attack on effectiveness of coun-
sel, as such would limit his attack based on counsel's ineffective rep-
resentation in the first instance of counseling Petitioner to waive
these rights.  The relief in this case should be more broad.

This is because, should this Court limit its holding to the fact
that the waiver was based on inefective counsel, and agree with Peti-
tioner in this limited argument, the victory itself would be Pyrrhic
indeed.  In short, Petitioner would win the battle and lose the war
due to the strictures of the AEDPA.  Effectively, Petitioner would have
been allowed his one statutorily guaranteed effort at collateral att-

7

ack to prove that he had the right to undertake the attack in the first place.

A better solution would be to grant the requested relief in voiding the Petitioner's Plea Agreement, providing transcripts of the hearings, and allowing Petitioner reasonable time to supplement the pleadings in this action pursuant to Fed.R.Civ.P. 15(d).  Then, counsel's ineffectivenss will not have had the effective result of guaranteeing that Petitioner would never be able to raise any attack under § 2255.

## F.    Conclusion

Petitioner respectfully submits the above arguments in support of his request for relief under 28 U.S.C. § 2255.  Petitioner prays this Court grant him the releif requested.

Respectfully submitted by:

Larry D. Gore
Reg. No. 14226-026
U.S. Penitentiary
P.O. Box 1000
Leavenworth, Kansas   66048

## CERTIFICATE OF SERVICE

I hereby certify that one true and correct copy of the foregoing was mailed, U.S. First Class postage prepaid, on this, the 2nd day of October, 2006, addressed to the following:

Timothy A. Bass, AUSA
201 South Vine Street
Urbana, Illinois   61801

I hereby certify that the above statement is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746.

So Sworn By:

Larry D. Gore        10/3/06
Larry D. Gore        Date