UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

| | |
|---|---|
| LARRY D. GORE, )<br>)<br>   Petitioner, )<br>)<br>   v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>   Respondent. ) | Case No. CV06-2172 |

**RESPONSE TO PETITION UNDER 28 U.S.C. §2255 AND
MOTION TO DISMISS**

Now comes the United States by its attorneys, Rodger A. Heaton, United States Attorney, and Assistant United States Attorney, Colin S. Bruce, and hereby responds to the petitioner's motion pursuant to 28 U.S.C. § 2255 as follows:

Procedural History

1. On December 5, 2003, the petitioner, Larry D. Gore, was charged by indictment with possession of 50 or more grams of cocaine base ("crack") with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) in Central District of Illinois case No. 03-20105. (R.7)[1]

---

[1] References to the Plea Agreement in case number CR03-20105 are to "Plea ¶__"; references to the documents in the record in case number CR03-20105 are to the docket number on the district court's docket sheet, e.g., "R.__"; references to docket entries in case number CR03-20105 are to "docket entry ___"; references to the transcript of the change of plea hearing in case number CR03-20105 are to "Plea Hrg.___"; references to the Petitioner's Amended Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in this proceeding are to "Pet.Mot.__."

2. On March 8, 2004, the United States filed a Notice of Prior Conviction pursuant to 21 U.S.C. § 851. (R.14) Based upon the petitioner's two prior felony drug convictions and the amount of cocaine base("crack") involved in the offense, the petitioner faced a mandatory sentence of life imprisonment without possibility of release upon conviction under 21 U.S.C. §841(b)(1)(A).

3. On June 1, 2004, the petitioner pled guilty to the indictment pursuant to a written plea agreement. (R.15; docket entry 6/1/04)

4. In the plea agreement, the United States agreed that the petitioner should receive a sentence reduction for acceptance of responsibility (Plea ¶¶15 &16), provided the petitioner with the opportunity to cooperate with the United States and potentially receive a downward departure for substantial assistance (Plea ¶18-22), and agreed to make certain recommendations favorable to the petitioner to the Court at the time of sentencing. (Plea ¶23)

5. In exchange for these and other concessions, the petitioner voluntarily waived his right to collaterally attack his sentence:

### WAIVER OF RIGHT TO COLLATERAL ATTACK

> 33. The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with

the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward departure as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

(Plea ¶33)

6. Moreover, the plea agreement signed by the petitioner further set forth the voluntariness of his waiver of the right to collaterally attack his plea, conviction, or sentence:

ACKNOWLEDGMENT OF VOLUNTARINESS OF WAIVER

34. The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he <u>personally</u> believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant and asks the Court to accept this waiver so he can receive the full benefit of this agreement.

(Plea ¶34)(emphasis in original)

7. In the plea agreement, the petitioner also acknowledged that he read and discussed the plea agreement with his attorney, specifically including the waiver of his right to collateral attack, that he was satisfied with the services provided by his attorney, and that he was entering into the plea agreement knowingly and voluntarily without any other promises or threats.

> 41.   Defendant
> I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, Ellyn Bullock.  I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."
> I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States.  I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true.  No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.
> I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it.  I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in it's entirety.
> I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

(Plea ¶41)

8. On June 1, 2004, under oath and in open court, the petitioner stated and the Court determined that the petitioner's guilty plea, including his waiver of appeal and collateral attack, was knowingly and voluntarily made during a plea colloquy pursuant to Fed.R.Crim.P. 11. (docket entry 6/1/2004)

9. Near the beginning of the change of plea hearing, the Court verified that the petitioner read and discussed the plea agreement with the his attorney.

THE COURT:         And the plea agreement that you signed on page 16, you read that; is that correct?

PETITIONER:        Yes, sir.

THE COURT:         Discussed it with Ms. Bullock?

PETITIONER:        Yes, sir.

(Plea.Hrng.5)

10. Later in the hearing, the Court again verified that the petitioner read and discussed the plea agreement with the his attorney and was satisfied with her representation.

THE COURT:         Mr. Gore, have you had an ample opportunity to discuss your case with Ms. Bullock, your attorney, who's here with you today?

PETITIONER:        Yes, sir, I have.

THE COURT:         Are you satisfied with her representation?

PETITIONER:        Yes, sir. She's very good.

THE COURT:         And this document that's 16 pages, you've gone through it thoroughly, and you've asked her questions about it; is that correct?

PETITIONER:        That is correct, sir.

THE COURT:         She's gone through it thoroughly with you?

PETITIONER:        Yes, sir.

(Plea.Hrng.11-12)

11. The Court specifically questioned the petitioner regarding his waiver of right to bring a collateral attack under 28 U.S.C. §2255 several times during the change of plea colloquy. On th first occasion, the Court made certain the petitioner understood he was giving up his appeal and habeus corpus rights in exchange for the chance to cooperate with the United States and possibly earn a downward departure motion.

THE COURT: So do you understand that the ball is in the government's court right now? This is an agreement between you and the government wherein you are agreeing to cooperate; and in return for agreeing to cooperate, you're giving up your right to appeal the judgement, conviction and sentence of this court, as well as to come back in later and collaterally attack by way of what we call habeus corpus or a Section 2255 proceeding to later set aside your conviction. You're giving up, in effect, all of your appeal rights for the opportunity to cooperate and hope that the government will make a motion for downward departure at the time of sentencing.

Is this your understanding of how this case is proceeding?

PETITIONER: Yes, sir.

(Plea.Hrng.17)

12. Later in the change of plea hearing, the Court confirmed with the petitioner that he wished to enter into the plea agreement to avoid a trial with a mandatory term of life imprisonment without possibility of release upon conviction.

THE COURT: So you're entering into this plea agreement because you believe it's in your best interests to avoid a trial that would guarantee a mandatory minimum life imprisonment, right?

PETITIONER: That is correct, sir.

(Plea.Hrng.35)

      13. Before the conclusion of the hearing, the Court again verified with the petitioner, in detail, that he understood he was waiving his rights to appeal and collaterally attack his conviction and sentence in exchange for the opportunity to cooperate.

THE COURT: The Court finds the plea agreement to be in proper form. I direct that it be filed of record, and I do want to ask you know about your understanding of the waiver of the – the waivers. . . .

. . .

You - - do you understand on page 10, paragraph 32, that if when this is all over, Mr. Gore, if you're sentenced to mandatory life, obviously, you'll be upset. If you are sentenced to anything other than mandatory life that you disagree with or believe is harsh or unfair, do you understand that you will not be able to appeal your conviction or sentence?

PETITIONER: I do, Your Honor.

THE COURT: That you're giving that up in exchange for the right and opportunity to cooperate. Otherwise, you'd be in the Catch-22 where if you went to trial and they convicted you, you'd be mandatory minimum life, period, end.

Do you understand that?

PETITIONER: I understand, Your Honor.

THE COURT: You could though, if you went to trial, appeal. You could appeal that trial. But by pleading guilty today, when we're done and the sentence is imposed. you will not be able to appeal from the conviction or sentence as a matter of this agreement.

Do you understand that?

PETITIONER: Yes, sir.

THE COURT: You made that decision freely and voluntarily because you believed it was in your best interests?

| | |
|---|---|
| PETITIONER: | I have, Your Honor. |
| THE COURT: | Also, you cannot come back later - - this is on page 11, paragraph 33, - - and you're waiving the right to collaterally attack, which means under Title 28, United States Code, 2255, that you waive the, any right to challenge any later claim of ineffective assistance of your attorney, any - - any of the procedures in this case, any of the things that may have been done inappropriately if you believe, including the government's failure to file a motion for downward departure, - - any challenge at all to your plea, your conviction, your sentence, fine, or restitution; you will be giving that up, too.<br><br>Do you understand that? |
| PETITIONER: | Yes, sir, I do. |
| THE COURT: | And you're doing that also because you personally believe it's in your best interests to do so in order to obtain the benefit of the concession made by the United States, which includes the opportunity to cooperate and assist in the hope that the government would give you a motion for downward departure under 5K1.1? |
| PETITIONER: | That is correct, sir. |

(Plea.Hrng.37-39)

      14. On September 8, 2005, a sentencing hearing was held. At the hearing the United States moved for a downward departure, based upon substantial assistance, from the petitioner's statutory, mandatory sentence of life imprisonment. The Court granted the motion and sentenced the petitioner to 240 months imprisonment, ten years of supervised release and no fine. (R.34;docket entry 9/9/05)  The petitioner did not pursue a direct appeal, and the petitioner's time to file an appeal expired on September 19, 2005.  Thus, the petitioner's conviction became final on September 19, 2005.

15. On September 11, 2006, the petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The petitioner field an amended motion on October 10, 2006. Following the language in *Jones v. United States,* 167 F.3d 1142 (7th Cir. 1999), the petitioner essentially claims (1) that his counsel was ineffective in negotiating the waiver of his rights under 28 U.S.C. § 2255 because there might be a future change in the statutory penalties concerning cocaine base ("crack") and (2) that his waiver of these rights was not knowingly and voluntarily made. (Pet.Mot.3-6)

16. On October 11, 2006, after the petitioner filed his amended motion, the United States moved for an extension of time within which to respond. The Court granted this motion and the United States was given until November 13, 2006 to respond. (docket entry 10/11/2006).

### The Petitioner's Waiver Was Made Knowingly and Voluntarily And Therefore, His Waiver Bars His Petition Under 28 U.S.C. §2255

17. In the Seventh Circuit, a waiver in a plea agreement of a right to file a motion under 28 U.S.C. § 2255 is enforceable as a general rule. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000); *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999). The only claims that survive a § 2255 waiver are claims that (1) the waiver itself was not knowingly and voluntarily made; or (2) that defense counsel provided ineffective assistance in connection with negotiating the waiver. *Mason,* 211 F.3d at 1069; *Jones,* 167 F.3d at 1145.

18. Here, the petitioner claims his waiver was not knowingly and voluntarily made. To determine whether a waiver of appeal and collateral attacks rights was made knowingly and voluntarily, the Court should consider both the plea agreement and the petitioner's statements during the Rule 11 hearing. "Because a careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary, determining whether the district court abused its discretion depends, in large part, on what the defendant said during the Rule 11 colloquy." *United States v. Schuh,* 289 F.3d 968 (2002) (footnotes omitted). Furthermore, a defendants' statements at Rule 11 hearings are presumed truthful, and courts have consistently relied on transcripts of such hearings to establish whether a defendant knowingly and voluntarily agreed to a waiver of his rights. *Bridgman v. United States,* 229 F.3d 589, 592 (7th Cir.2000).

19.   In this case, in clear terms in both his plea agreement and his statements during the Rule 11 hearing, the petitioner knowingly and voluntarily waived his rights to bring a motion under 28 U.S.C. § 2255. Specifically, in the plea agreement, the petitioner acknowledged his agreement and understanding that he was waiving his rights to bring a motion under 28 U.S.C. § 2255 in exchange for the opportunity to cooperate. (Plea¶33)  In the next paragraph of the Plea Agreement, the petitioner acknowledged that he was knowingly and voluntarily waiving his rights to bring a motion under 28 U.S.C. § 2255 because he *personally* believed it was in his best interest in order to be given the opportunity

to cooperate. (Plea¶34) The petitioner, in fact, used this opportunity to ultimately receive a sentence of 240 months, significantly less than life without possibility of release. (R.34;docket entry 9/9/05)

20. Moreover, during the Rule 11 hearing, the petitioner, under oath, stated to the Court on multiple occasions that he was familiar with the terms of the plea agreement, that he reviewed it with his counsel, that he understood his waiver of his right to bring a motion under 28 U.S.C. § 2255, and that he thought it was in his best interest to do so. (Plea.Hrng.5,11-12,17,35,37-39)

21. Indeed, there is no indication in the record of any hesitancy, any confusion, any lack of understanding, or even the suggestion that the petitioner was not fully aware of the terms of his plea agreement, including the waiver. The record, in fact, shows the Court carefully questioned the petitioner to ensure he was aware of the appeal and collateral attack rights which he was forgoing in exchange for the opportunity to cooperate, and that the petitioner responded in a knowing and meaningful manner. In short, there is no support in the record for petitioner's claim that his waiver was not made knowingly and voluntarily.

The Petitioner's Counsel Was Not Ineffective

22. The petitioner also claims that his counsel was ineffective in negotiating the plea agreement, including the waiver of collateral attack. The basis for petitioner's claim is that at some unknown point in the future, there *may* be some case which affects the statutory penalties for cocaine base ("crack"), that the holding of this theoretical future case *may* be

applied retroactively, that somehow the one-year restriction on the filing of motions under 28 U.S.C. § 2255 *may* be excused, and therefore, the petitioner *may* be able to challenge the propriety of his sentence. Therefore, the petitioner claims, it was ineffective for his attorney to waive his rights to bring a motion under 28 U.S.C. § 2255.

23. When considering a claim of ineffective assistance of counsel, the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984) applies. In order for the petitioner to successfully establish his ineffective assistance of counsel claim, the petitioner must prove that his attorney's performance fell below an objective standard of reasonableness (the "performance" prong) and that the counsel's deficiencies prejudiced his defense (the "prejudice" prong). *Id.,* at 688-92. Failure to prove either prong is fatal to an ineffectiveness claim. *Chichakly v. United States,* 926 F.2d 624, 630 (7th Cir.1991).

24. When analyzing the performance prong, there is a strong presumption that counsel rendered reasonably effective assistance. *United States v. Moralez,* 964 F.2d 677, 683 (7th Cir.1992). Stated another way, the petitioner bears the burden of establishing that his counsel was ineffective, the government need not prove that it was effective. *Reeves v. United States,* 255 F.3d 389, 393 (7th Cir.2001).

25. When analyzing the prejudice prong, in the context of a guilty plea, a petitioner must establish with objective evidence a reasonable probability that but-for counsel's advice, the defendant would not have accepted the plea. *McCleese v. United States,* 75 F.3d 1174 (7th Cir.1996).

26. Here, the petitioner fails on both prongs. First, the petitioner has failed to show that his counsel's decision to negotiate a plea agreement in which the petitioner waived his right to bring a motion under 28 U.S.C. § 2255 in exchange for the chance to cooperate and avoid a life sentence upon conviction, was objectively unreasonable. To the contrary, the petitioner directly, concretely benefitted from his counsel's negotiation in that he was able to avoid a statutory, mandatory term of life imprisonment as a result of his plea agreement and opportunity to cooperate. Thus, the petitioner has failed to prove that his counsel was objectively unreasonable for negotiating his plea agreement (with 28 U.S.C. § 2255 waiver) resulting in a clear benefit.

27. Second, there is no indication in the record that but-for counsel's advice, the petitioner would not have accepted the plea agreement. Indeed, based upon the petitioner's statements throughout the Rule 11 hearing, the petitioner actively sought the plea agreement, including the opportunity to cooperate in exchange for the 28 U.S.C. § 2255 waiver. For example, one portion of the record reflects the following exchange:

THE COURT:    Also, you cannot come back later - - this is on page 11, paragraph 33, - - and you're waiving the right to collaterally attack, which means under Title 28, United States Code, 2255, that you waive the, any right to challenge any later claim of ineffective assistance of your attorney, any - - any of the procedures in this case, any of the things that may have been done inappropriately if you believe, including the government's failure to file a motion for downward departure, - - any challenge at all to your plea, your conviction, your sentence, fine, or restitution; you will be giving that up, too.

Do you understand that?

PETITIONER:    Yes, sir, I do.

| | |
|---|---|
| THE COURT: | And you're doing that also because you personally believe it's in your best interests to do so in order to obtain the benefit of the concession made by the United States, which includes the opportunity to cooperate and assist in the hope that the government would give you a motion for downward departure under 5K1.1? |
| PETITIONER: | That is correct, sir. |

(Plea.Hrng 38-39)

Based upon the evidence in the record, the petitioner agreed to the plea agreement, including the waiver of rights under 28 U.S.C. § 2255, because he *personally* believed it was in his best interest to do so, not simply because of advice from his counsel. Thus, the petitioner has failed to establish with objective evidence a reasonable probability that he would not have accepted the plea agreement without the advice of his counsel. He has, therefore, failed to satisfy the requirements of the "prejudice" prong of *Strickland*.

WHEREFORE the United States respectfully requests that this Court (1) enforce the petitioner's waiver in the plea agreement and dismiss the petitioner's claims pursuant to 28 U.S.C. § 2255; and (2) deny the petitioner's claims of ineffective assistance of counsel based on the contrary evidence in the record and the petitioner's failure to establish objectively unreasonably conduct of counsel that caused prejudice to the petitioner.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY

s/ COLIN S. BRUCE
COLIN S. BRUCE
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
colin.bruce@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Larry D Gore, #14226 026
>Leavenworth U.S. Penitentiary
>Inmate Mail/Parcels
>P.O. BOX 1000
>Leavenworth, KS 66048

>s/Colin S. Bruce
>COLIN S. BRUCE, Bar No. IL 6200946
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>colin.bruce@usdoj.gov