IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

LARRY D. GORE,           )
                         )
    Petitioner,          )
                         )
v.                       )   Case No. 2:06-cv-02172-MPM-DGB
                         )
UNITED STATES OF AMERICA )   Motion pursuant to 28 U.S.C. § 2255
                         )
    Respondent.          )

FILED
FEB 12 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

TRAVERSE

COMES NOW, LARRY D. GORE, pro se Petitioner in the above styled action, and respectfully submits this Traverse to Respondent's November 13, 2006 responsive pleading, entitled "**RESPONSE TO PETITION UNDER 28 U.S.C. §2255 AND MOTION TO DISMISS**," listed on the docket as Document 7. Petitioner respectfully submits this Traverse under the authority of 28 U.S.C. § 2248 and Federal Habeas Corpus Rule 5(e).

A.  RESPONSIVE PLEADING IS INCORRECT

Petitioner asserts that, while the responsive pleading of Respondent referenced above is essentially correct in regards to the procedural history of the underlying criminal case, the overarching analysis of Petitioner's grounds for habeas corpus relief is incorrect. As such, Petitioner submits the following to rebut Respondent's misplaced claim that relief ought not be granted and that Petitioner's § 2255 motion should be dismissed by this Court.

First, it is false, as stated in paragraph 15 of the pleading, that "[f]ollowing the language of Jones v. United States, 167 F.3d 1142 (7th Cir. 1999), the petitioner essentially claims (1) that his counsel was ineffective in negotiating the waiver of his rights under 28 U.S.C. § 2255 because there might be a future change in the statutory penalties concerning cocaine base ("crack")..." (Doc. 7, p. 9)  While it is true

1

that this is one of the potential collateral consequences of this unknowing and involuntary waiver, it is not meant to indicate an exhaustive examination of the potential prejudice of the waiver. See, for instance, <u>Woodruff v. United States</u>, 131 F.3d 1238 (7th Cir. 1998). Petitioner merely stated this potential to demonstrate to this Court that severe prejudicial consequences may result due to the ineffectiveness of counsel which led to the waiver in the first place. Simply stated, it is the second claim referenced in Paragraph 15 that presents this Court with Petitioner's true claim for relief. In short, "that his waiver of these rights was not knowingly and voluntarily made."

While it is true that the Court should examine both the plea agreement and Petitioner's statements during the Rule 11 colloquy, as stated by Respondent (Doc. 7, ¶ 18, p. 10), Petitioner's claim for relief is not based upon what Petitioner stated after his counsel misinformed him regarding the nature of collateral relief under habeas corpus, but rather is firmly rooted in counsel's faulty descriptions in privileged discussions which were had behind closed doors. Petitioner asserts that his counsel was ineffective in failing to properly describe the full panoply of rights that he was agreeing to waive. (See Exhibit A, **AFFIDAVIT OF LARRY D. GORE**.) Petitioner is a legal layperson, who was being held in a county jail facility without the benefit of a full-time legal library. It was not until Petitioner was transferred to federal prison that he even started to realize what the terms "§ 2255," "habeas corpus," and "collateral attack" mean.

Thus, when counsel brought the initial plea agreement in to the jail for Petitioner, he was completely ignorant as to the meanings of many of the legal terms, and relied solely upon the advice of his counsel as to

2

grasp a modicum of understanding as to the rights he was about to waive. When counsel informed him that "section 2255 is not a big thing to waive because it can only be used to say that you didn't like the way I represented you," (Exhibit A), counsel was clearly misrepresenting the important constitutional nature of habeas corpus. Clearly, ineffectiveness of counsel is one potential avenue of attack under § 2255, but it not the sole remedy contemplated by the writ.

The right to habeas corpus review is a monumental right of the accused which traces back to the Magna Carta, and the right has been preserved throughout common law. Congress has statutorily guaranteed the right in § 2255. In fact, the government's efforts to estop Petitioner's rights to a § 2255 motion belie the fact that they are aware that § 2255 motions are not mere toothless machinations of the federal justice system. It is interesting to note that, while Petitioner is making no assertions which would lead to immediate collateral relief of his sentence, Respondent is still fighting strongly to keep away a right to have this Court hear a future § 2255 motion based upon a relatively unlikely retroactive change in federal "crack" laws. This fact alone displays that counsel's shallow representation regarding the right to habeas corpus were, in fact, ineffective. This ineffective counsel as to the real nature of federal habeas corpus, which happened out of the range of this Court's ears, was where the real nature of this claim for relief had its genesis.

The fact is, had Petitioner met with a noted cardiovascular/thoracic surgeon prior to his Rule 11 colloquy, and this Court had then asked Petitioner if he was certain that his heart was healthy, his response would have been predicated solely upon the advice of the doctor he had met, and not upon any qualified understanding of the mechanics of the coronary system. As such, his responses regarding the waiver of his rights under

3

§ 2255 are equally unreliable. Petitioner respondes during the Rule 11 hearing were based upon the legal advice that was given to him by counsel behind closed doors, and counsel did not fully describe the breadth of the rights that Petitioner was waiving. As such, under the Seventh Circuit stare decisis under Jones, 167 F.3d at 1145, and Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), Petitioner's waiver in this regard was based on the ineffective advice of counsel and was not knowingly and voluntaarily made.

Furthermore, Petitioner's claim rests upon priviledged conversations which were held outside of the courtroom. As such, they are plainly not part of the record. Therefore, it is proper for this Court to convene an evidentiary hearing in this regard to determine the truth of the matter asserted. See Cooper v. United States, 378 F.3d 638, 641-42 (7th Cir. 2004). It is clear from Jones and Mason that, if Petitioner's assertions in this regard are deemed to be true, that he is entitled to relief. Petitioner, therefore, respectfully requests this Court to convene such an evidentiary hearing.

Finally, should this Court convene such a hearing, Petitioner respectfully requests that counsel be appointed to conduct the procedure on behalf of Petitioner. Petitioner is a simple, pro se litigant, who has no technical understanding of the law, legal procedure, or the Federal Rules of Evidence. Petitioner would be ill-suited to address the matter contested, and would be unable to examine his former counsel under oath. It would be appropriate under these circumstances to appoint counsel to represent Petitioner if such a hearing is convened.

## B. CONCLUSION

Petitioner has shown that, if his claims are proven to be true, that he is entitled to the relief requested in his initial pleadings

under § 2255. The matter asserted, that Petitioner's counsel was ineffective in the negotiation of the plea agreement which waived collateral attack under § 2255, is beyond a clear determination from the record, and as such, an evidentiary hearing should be convened to determine the truth of the matter asserted. Should Petitioner's assertions in this regard prove to be true, then Petitioner is clearly entitled to relief under <u>Jones</u> and <u>Mason</u>.

For the above reasons, Petitioner respectfully requests this Court to deny Respondent's Motion to Dismiss in this action, and to grant the relief requested.

Respectfully submitted by:

*Larry D. Gore*
Larry D. Gore, pro se
Reg. No. 14226-026
U.S. Penitentiary
P.O. Box 1000
Leavenworth, Kansas  66048

## CERTIFICATE OF SERVICE

I hereby certify that one true and correct copy of the foregoing was mailed, U.S. First Class postage prepaid, on this, the 31st day of January, 2007, addressed to the following:

Colin S. Bruce, AUSA
201 S. Vine Street
Suite 226
Urbana , Illinois  61802

I certify that the above statement is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746.

So sworn by:

*Larry D. Gore*
Larry D. Gore

5

COUNTY OF LEAVENWORTH,       )
                             )
STATE OF KANSAS.             )

## SWORN AFFIDAVIT OF LARRY D. GORE

I, LARRY D. GORE, do hereby swear, attest and aver that the following statements are true, correct, and complete, under penalty of perjury:

1. That on November 29, 2003, I was indicted in the United States District Court for the Central District of Illinois in Case No. 03-20105-001, with possession of "Crack" with intent to distribute;

2. That I was appointed an attorney, Ellyn Bullock, who represented me throughout the court proceeding in the above referenced case;

3. That I have no legal background or training, and that I am totally ignorant of all matter of law, and that I completely relied upon Ellyn Bullock for advice in all areas of my case;

4. That during plea negotiations with the United States, Ellyn and I discussed the terms of the plea agreement which was eventually accepted in this case in private, unrecorded meeting at the county jail;

5. That during these privileged discussion, Ellyn Bullock told me that the terms "Collateral attack" and section 2255" were meaningless and useless to me. I didn't know what collateral or 2255 ment;

6. That during these privileged discussions, Ellyn Bullock told me that if I tried to claim that her representation of me was ineffective, that the prosecutor in my case would reject any plea and sentence me to life;

7. That I was personally afraid for my life when I signed the agreement and when I spoke in court, that I was completely unaware and unknowing as to the rights that I was waiving Ellyn Bullock didn't describ them

8. That I am still ignorant of the law and have had the help of a another convicted person to assist me in filing all my pleadings in my habeas corpus request.

I, LARRY D. GORE, your Affiant in the above statements, do solemnly swear, attest, and aver, under the penalty of perjury described in 28 U.S.C. § 1746, that the above statements are true, correct, and complete.

So sworn on this, the 31st day of January, 2007, by:

_Larry D. Gore_
Larry D. Gore, Affiant

Page 1 of 1