UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

|  |  |
|---|---|
| LARRY GORE,<br><br>        Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. 06-2172 |

**ORDER**

On September 11, 2006, Petitioner Larry Gore filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). Petitioner filed an Amendment (#4) to his motion on October 11, 2006. On November 13, 2006, the United States of America filed its Response (#7), and Petitioner has filed a Reply (#8). For the reasons that follow, Petitioner's motion is DENIED.

BACKGROUND

On December 5, 2003, Petitioner was charged by indictment with possession of 50 grams or more of cocaine base ("crack") with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On June 1, 2004, Petitioner pleaded guilty to the indictment pursuant to a written plea agreement. Included in Petitioner's plea agreement was a waiver of his right to collaterally attack his sentence. The plea agreement provided:

    The defendant also understands that he has a right to attack his sentence collaterally

    on the grounds it was imposed in violation of the Constitution or laws of the United

States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28 United States Code, Section 2255. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United Sates in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward departure as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long

as the sentence is within the maximum provided in the statutes of conviction.

The plea agreement goes on to state:

> The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he <u>personally</u> believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant and [sic] asks the Court to accept this waiver so he can receive the full benefit of this agreement. (Emphasis in original.)

The plea agreement also included the following provision pertaining to Petitioner:

> I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, Ellyn Bullock. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."

Petitioner faced a mandatory sentence of life imprisonment based upon two prior felony drug convictions and the amount of cocaine base ("crack") involved in the offense with which he was charged. In the plea agreement, the Government agreed that Petitioner should receive a reduction for acceptance of responsibility and provided Petitioner with an opportunity to cooperate and potentially receive a downward departure for substantial assistance.

On September 9, 2005, Petitioner was sentenced to a term of 240 months' imprisonment and ten years of supervised release. Petitioner did not appeal his conviction. In his § 2255 motion, Petitioner raises the following arguments: (1) he received ineffective assistance of counsel with regard to the waiver of his right to collaterally attack his sentence; and (2) his plea was involuntarily and unknowingly made in connection with the waiver of the ability to collaterally attack his sentence.[1]

ANALYSIS

This court agrees with the Government that Petitioner clearly waived his right to collaterally attack his guilty plea and sentence. Such waivers are enforceable with the limited exception that a waiver does not apply to a claim of involuntariness or ineffective assistance of counsel that relates directly to this waiver or its negotiation. See Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). Petitioner first argues that his counsel was ineffective in that "his counsel had him waive all forms of collateral attack, regardless of the unforeseen future consequences of this waiver, and with no material benefit to Petitioner." Petitioner further argues his waiver of the right to collateral attack was unknowing and involuntary because he did not understand the right he was waiving.

The Seventh Circuit has held that in evaluating the voluntariness of a waiver, great weight should be given to the Rule 11 hearing. See Mosley v. United States, 2006 WL 1749957 at *3 (N. D. Ill. 2007); see also Taylor v. United States, 2007 WL 128003 at *5 (N. D. Ill. 2007). Like the petitioner in Mosley, Petitioner's plea agreement and the transcript of his Rule 11 colloquy reveal that

---

[1] Petitioner initially raised a claim of ineffective assistance of counsel in that his counsel failed to object to the nature of the substance charged in the indictment being cocaine base as opposed to crack. However, in his Amended Pleading Pursuant to Fed. R. Civ. P. 15(a) and Memorandum in Support of Petitioner's Motion for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2255 (#4), Petitioner indicates that he "wishes to waive his claim to Ground Three." Therefore, the court will not consider this claim.

the waiver of his right to collateral attack was both knowing and voluntary and did not arise as a result of the ineffective assistance of counsel. The plea agreement specifically states, "The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction." In addition, the agreement indicates, "The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else."

Petitioner's answers during the Rule 11 colloquy support the conclusion that the waiver of Petitioner's right to collateral attack was knowing and voluntary. This court had the following exchange with Petitioner at the time Petitioner entered his plea of guilty:

> Court: So do you understand that the ball is in the government's court right now? This is an agreement between you and the government wherein you are agreeing to cooperate; and in return for agreeing to cooperate, you're giving up your right to appeal the judgment, conviction, and sentence of this court, as well as to come back in later and collaterally attack by way of what we call habeas corpus or a Section 2255 proceeding to later set aside your conviction. You're giving up, in effect, all of your appeal rights for the opportunity to cooperate and the hope that the government will make a motion for downward departure at the time of sentencing. Is that your understanding of how this case is proceeding?
>
> Defendant: Yes, sir.

The court elaborated on this later in the same proceeding, stating:

> Court: Also, you cannot come back later – this on page 11, paragraph 33 – and you're

5

>waiving the right collaterally attack, which means under Title 28, United States Code, 2255, that you waive the, any right to challenge any later claim of ineffective assistance of your attorney, any – any of the procedures in this case, any of the things that may have been done inappropriately if you believe, including the government's failure to file a motion for downward departure – any challenge at all to your plea, your conviction, your sentence, fine, or restitution; you will be giving that up, too. Do you understand that?
>
>Defendant: Yes, sir, I do.
>
>Court: And you're doing that also because you personally believe it's in your best interests to do so in order to obtain the benefit of the concessions made by the United States, which includes the opportunity to cooperate and assist in the hope that the government would give you a motion for downward departure under 5K1.1?
>
>Defendant: That is correct, sir.

Based upon the representations of Petitioner at the time of his plea, it is apparent he understood the right he was waiving. Statements made by a defendant at a Rule 11 hearing are presumed truthful, and this court can rely on them in determining whether there was a knowing and voluntary waiver of rights. See Mosley, 2006 WL 1749957 at *3. Therefore, this court concludes that Petitioner knowingly and voluntarily waived his right to file a collateral attack pursuant to 28 U.S.C. § 2255 and has not provided this court with any basis for not enforcing the waiver.

Furthermore, this court concludes Petitioner did not receive ineffective assistance of counsel with regard to negotiation of the waiver. To establish ineffective assistance of counsel, Petitioner must demonstrate that his counsel's representation: (1) fell below an objective standard of reasonableness; and (2) prejudiced the Petitioner. Bednarski v. United States, __ F.3d __, 2007 WL

861112 at *4 (7th Cir. 2007), citing Strickland v. Washington, 466 U.S. 668, 688 (1984). Initially, Petitioner has failed to establish that but for his counsel's advice he would not have accepted the plea agreement due to his statements made during the Rule 11 colloquy. Furthermore, Petitioner has not established the prejudice prong of the Strickland standard. As a result of his plea agreement including the waiver of collateral attack, Petitioner was able to avoid a mandatory term of life imprisonment and was given the opportunity to cooperate with the Government. Accordingly, this claim is without merit.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) This case is terminated.

ENTERED this 25th day of April, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE
Ap